NEW YORK, etc., Appellant.— Order of peremptory mandamus modified by changing the same to order of alternative mandamus, with costs to abide the event. We think the answering affidavits raised an issue of fact, and that, therefore, an alternative order of mandamus should have first issued, pursuant to section 1319 of the Civil Practice Act. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

HANNAH M. KIRBY, Appellant, v. ESTHER NEWMAN, Respondent. (No. 1.) — Order setting aside verdict affirmed, and new trial granted, with costs to abide the event. No opinion. Kelly, P. J., Manning and Kapper, JJ., concur; Jaycox and Young, JJ., dissent upon the ground that the question of defendant's negligence was a question of fact for the jury, and its finding thereon should not be disturbed. [See *post*, p. 814.]

THOMAS KIRBY, Appellant, v. ESTHER NEWMAN, Respondent. (No. 2.) — Order setting aside verdict affirmed, and new trial granted, with costs to abide the event. No opinion. Kelly, P. J., Manning and Kapper, JJ., concur; Jaycox and Young, JJ., dissent upon the ground that the question of defendant's negligence was a question of fact for the jury, and its finding thereon should not be disturbed. [See *post*, p. 814.]

SAMUEL KOPITOFSKY and Another, Appellants, v. MORRIS FREIMER and Others, Respondents.— Order denying injunction affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP ADELSTEIN, Appellant.— Judgment of conviction of the County Court of Kings county reversed upon the law, and a new trial granted. The testimony of the witness Shields, appearing at folio 590 of the record, as to conversations with different people upon the question whether the defendant, being a good Jew, could have committed the crime, was incompetent and most prejudicial. It was likewise error to permit the witness Brophy to state his reasons for wishing to see defendant convicted. We are also of opinion that the court should have allowed the chemical test to determine the presence or absence of kerosene upon the exhibits in question. Rich, Jaycox, Kelby and Young, JJ., concur; Kelly, P. J., concurs on the first two grounds stated.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE PIZZA and Another, Appellants.— Judgment of conviction of the County Court of Queens county affirmed. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

RICHMOND LUMBER CO., INC., Respondent, v. LOUIS GOLD, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. We think that the question as to what was the intent of the parties on the signing of the agreement was one for the jury. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

DIEDRICH SCHEFFER, Respondent, v. JOHN H. PLATE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

LOUIS SPOLTER and Another, Respondents, v. ISIDORE WEINBAUM, Appellant. (Appeal No. 1.) — Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate order appointing plaintiffs receivers